**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-11391
Summary Calendar

_____

EDWARD J. LESKY,

Plaintiff-Appellee,

VERSUS

WILLIAM S. COHEN, ET AL,

Defendants,

WILLIAM S. COHEN, Secretary of Defense, Department of
Defense, Army and Air Force Exchange Service,

Defendant-
Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-147-X)

_____

June 30, 1999

Before  DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

The district court awarded appellee, Edward J. Lesky ("Lesky") $200,000 in compensatory

damages for mental anguish and loss of career for Lesky's retaliation claim brought under Title VII.

Because we find that Lesky failed to provide sufficient evidence to support either of these items of

damage, we vacate the award and remand this case to the district court.

In July 1993, Lesky filed a complaint against his employer, the Army and Air Force Exchange

Service ("AAFES"), with the Equal Employment Opportunity Commission ("EEOC").  Lesky's

complaint alleged that Lesky, a white male, had been non-selected for promotion to the position of

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chief, People Development and Training Division, on the basis of race. Javier E. Cerna, an Hispanic male, was instead chosen for the position. In September or October of 1993, Lesky learned that he would be rotated from Europe back to the United States, in spite of his request for an extension. Lesky was ultimately rotated to a position in a different department.

After exhausting his administrative remedies, Lesky filed the present Title VII suit alleging adverse personnel action because of race discrimination, disparate impact and retaliation. After a two-week trial, the district court issued its Findings of Fact and Conclusions of Law. The district court found in favor of Lesky solely on his retaliation claims and awarded Lesky $200,000 in damages for loss of career and mental anguish. AAFES then filed this appeal challenging the sufficiency of the evidence for such an award.

## II.

## A.

A district court's award for emotional damages under Title VII is reviewed on appeal for abuse of discretion. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996), *cert. Denied*, 519 U.S. 1091, 117 S.Ct. 767, 136 L.Ed.2d 713 (1997).

An award for emotional distress or mental anguish must "be supported by competent evidence concerning the nature of the injury." *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042 (1978). A plaintiff will be awarded only nominal damages if he fails to establish an "actual injury" with sufficient evidence. In *Patterson v. P.H.P. Healthcare*, 90 F.3d 927 (5th Cir. 1996), this court held that there must be a "specific discernable injury to the claimant's emotional state" to support an award for mental anguish. *Id*. at 941. In finding that the district court abused its discretion in awarding $150,000 in emotional damages to Patterson, we stated: "No proof of actual injury exists in this case. Because Patterson failed to present sufficient competent testimony and/or other evidence to demonstrate the nature and extent of emotional harm caused by her unlawful termination, we hold that the district court abused its discretion in awarding her $100,000 for emotional distress . . . *Carey* teaches us that an award of damages for 'distress' must be supported by competent evidence concerning the injury. *Carey*, 435 U.S. at 264 n. 20, 98 S.Ct. at 1052 n. 20 (emphasis added.)."

2

*Patterson*, 90 F.3d at 941.

In the instant case, as in *Patterson*, the only evidence presented was Lesky's uncorroborated testimony. Lesky testified that he felt "hurt," "angry," "betrayed," "depression," "self doubt," "anger," and, for a brief time "hatred." Lesky also testified generally that the adverse affects on his family caused him mental anguish. Lesky admitted that he did not seek psychological assistance, but attributed this to his "Marine Corps. background."

Ordinarily, testimony from a plaintiff alone is insufficient to support a mental anguish award; specific proof, often in the form of psychological or medical evidence, or other corroborating testimony from a third party, is usually necessary. *Allison, et al v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998). The only exception in this Circuit since *Patterson* in which compensatory damages for emotional distress were permitted on the basis of the plaintiff's testimony alone was in *Migis v. Pearle Vision*, 135 F.3d 1041(5th Cir. 1998). However, in that case the plaintiff testified to specific physical manifestations of emotional distress such as anxiety, sleeplessness, stress, and crying jags, in addition to "marital hardship" and "loss of self-esteem." *Id.* at 1046. The court found that Migis' testimony was sufficiently detailed and that the district court did not abuse its discretion when it awarded Migis $5,000 in compensatory damages. *Id.* at 1047. In the instant case, Lesky failed to provide anything other than general statements as to his feelings. There is insufficient evidence in Lesky's testimony of a specific injury (manifested emotionally or physically) and no corroborating evidence. Thus, the district court abused its discretion when it awarded Lesky $100,000 for emotional distress.

## II.

## B.

The evidence is also insufficient to sustain an award of $100,000 for loss of career. It is the plaintiff's burden to show the amount of his compensable damages. In *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649 (5th Cir. 1994), the plaintiff, Mrs. Prunty, sought damages in her Title VII sexual harassment claim for the differences in wages and benefits between her former job and her

current job. She also sought travel expenses for the additional driving time to her new job. This court affirmed the district court's denial of damages, stating that "[i]t is truistic, indeed elementary that one who seeks compensatory damages must present evidence of those damages." Id. at 652. In this case, Lesky failed to present any evidence of loss of career. At the time of trial, he was still employed by AAFES (although in a different department), there was no evidence of salary difference between the two positions, and there was no evidence of the likelihood of promotion had Lesky remained at his former position.[1]

Lesky failed to present any evidence of damage for loss of career. ". . .[W]hen one of the prima facie elements of a claim is damages and the claimant fails to introduce evidence of those

---

[1] [1]The following exchange between counsel for Lesky and the district court illustrates the lack of evidence:

Counsel for Lesky:

"We are also asking for compensatory damages, and the Court has asked me to expand on this . . . Ed Lesky did not get fired. He was simply transferred to another job. That eliminates the possibility of back pay, in addition to which and, quite candidly, with the Court, there is no proof that even if Ed Lesky had been appointed or selected to be chief of Personnel, he would have necessarily been promoted to the grade UA-15 because you have to go through a promotion board. But while it's pretty much automatic, you can't really offer evidence that it definitely would have happened.
So that eliminates the possibility in all candor that you can grant Mr. Lesky back pay for a job he might have gotten, in addition to which I really don't think there is a possibility of awarding future pay because there is no showing that he cannot continue to work for AAFES. He is in fact still doing so. That frankly leaves him or Ed Lesky in the position of most Title VII plaintiffs who prevail in a case. They are usually stuck with the fact, unless they have the misfortune of being fired, of receiving damages for pain and suffering, anxiety, discomfort, the unfortunate process they went through from being discriminated against. We think this is a basis upon which to award Mr. Lesky at least $100,000 . . ."

The Court:

"Where did we get that number from? Where does that number come from?"

Counsel for Lesky:

"Frankly, your honor, that is just our judgment that that is a fair sum that can be measured from that type of anxiety and anguish."

The Court:

"While damages don't have to be calculated . . . still there must be some rational basis from the record and from the evidence to conclude a number. I mean, it would be just as easy to say 10,000, 100,000, a million. I mean , where do we–it's like nailing Jell-O to the wall here . . .

damages . . .the district court has no choice but to deny the monetary relief requested." *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 652 (5ᵗʰ Cir. 1994).

*Conclusion*

Because Lesky failed to produce sufficient evidence to support the damages award, the award is vacated and the case is remanded to the district court for entry of a nominal award. The district court should also reconsider the award of attorney's fees in light of the nominal award.

VACATED and REMANDED.